UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULA AMAYA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BERNIS MCGILL,<br><br>　　　　　Defendant. | No. 2:19-cv-1805-TLN-KJN PS<br><br>FINDINGS AND RECOMMENDATIONS |

　　　This case apparently arises from the alleged non–payment of child support by Defendant Bernis McGill (listed as "Shahaer Farakhan Muhammud" in the Plaintiff's portion of the caption in the 1AC). (See ECF No. 3.) It appears from the documents submitted by McGill that in June 2019, California Child Support Services contacted McGill concerning her child support obligations. (Id. at p. 5.) McGill alleges she informed CSS that she "was an Indigenous Aboriginal Cherokee Moor and that [she] was no longer in the U.S. Jurisdiction and that we have our own Courts." (Id.) On September 11, 2019, McGill filed a "notice of removal" in this Court and requested leave to proceed in forma pauperis. (ECF Nos. 1, 2.) Five days later, Plaintiff submitted an "amended notice of removal" and again requested IFP status. (ECF Nos. 3, 4.)

　　　For the reasons discussed below, the Court concludes that federal subject matter jurisdiction over the action is lacking. Accordingly, the undersigned recommends the action be remanded to state court, and recommends plaintiff's application to proceed in forma pauperis be denied as moot.

**Analysis**

A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). Federal statute requires that, where a case has been removed to federal court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a). However, federal courts have consistently held that "domestic relations" issues are exempt from federal jurisdiction, whether the issues are raised as a matter of federal question jurisdiction or diversity jurisdiction. Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992) (holding that the "domestic relations" exception to federal jurisdiction "divests the federal courts of power to issue divorce, alimony, and child custody decrees."); Coats v. Woods, 819 F.2d 236, 237 (9th Cir. 1987) (district court properly abstained from hearing claims arising from a child custody dispute pending in state court).

Here, Plaintiff complains of the method by which California Child Support Services attempted to enforce a child support order. This is clearly a matter for abstention under the domestic relations exception to federal jurisdiction. Ankenbrandt, 504 U.S. at 703; Coats, 819 F.2d at 237; see, e.g., Kane v. California, 2017 WL 7241715, at *2 (E.D. Cal. Sept. 27, 2017) (declining to exercise jurisdiction under the "domestic relations" doctrine, where plaintiff claimed the state improperly enforced a child support order) (citing Coats, 819 F.2d at 236). Thus, this action should be remanded to state court for further proceedings.[1]

---

[1] It is not clear that Plaintiff has in fact properly removed this case from state court. Though Plaintiff's filings and the Court's docket states this action originated under a "notice of removal,"

2

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be REMANDED to the Superior Court of California, County of Merced, for lack of subject matter jurisdiction;

2. Plaintiff's motions to proceed in forma pauperis in this court (ECF Nos. 2, 4) be DENIED as MOOT.

3. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

Dated: October 7, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

amay.1805

---

it is not clear that the Superior Court has been notified of any removal. See 28 U.S.C. § 1446(d) ("Promptly after the filing of such notice of removal of a civil action the defendant . . . shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded."). It is quite possible that Plaintiff simply filed a stand–alone complaint in this Court, wrote the words "notice of removal" in the caption, and proceeded without the Superior Court's knowledge. However, given that dismissal is only appropriate where there is "absolute certainty that remand would prove futile," Bell v. City of Kellogg, 922 F.2d 1418, 1425 (9th Cir. 1991), and the Court is not absolutely certain of this here, the undersigned will recommend remand to the Merced Superior Court.